IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE D. HARDING, )
)
      Plaintiff, )
)
-vs- ) Civil Action No. 13-1660
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since March of 2006. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), Douglas Cohen, held a hearing on January 10, 2012. (ECF No. 8-2, pp. 7-36). On January 18, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-3, pp. 16-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Residual Functional Capacity ("RFC")

Plaintiff argues that the ALJ's RFC assessment of Plaintiff is not supported by substantial evidence. (ECF No. 13, pp. 12-15). In support of thereof, however, Plaintiff's entire argument is that there is substantial evidence to support that she is not able to physically do the work set forth in the ALJ's RFC finding. *Id.* The standard is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is entirely misplaced. Therefore, I find the argument is not sufficiently developed to place the issue clearly before me. Consequently, remand is not warranted on this basis.

### C. Vocational Expert

Plaintiff next argues that the ALJ erred in failing to pose accurate questions to the vocational expert regarding Plaintiff's impairments. (ECF No. 13, pp. 15-16). I disagree. An

3

ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. See, *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 8-3, pp. 20-28). Consequently, I find no error in this regard.

### D. Plaintiff's Subjective Complaints of Pain

Plaintiff's final argument is that the ALJ erred in finding that Plaintiff was not fully credible in her subjective complaints of pain. (ECF No. 13, pp. 16-18). In determining if a Plaintiff is disabled, the ALJ must consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.*

As the ALJ in this case stated, he must follow a two-step process: First, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, the ALJ must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (ECF No. 8-3, p. 20). Allegations of pain must be consistent with objective medical evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.,* 220 F.3d 112, 121 (3d Cir. 2000). I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In determining the limits on a claimant's capacity for work, the ALJ will consider evidence from the treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and

4

aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4).

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 8-3, pp. 19-26). For example, while assessing Plaintiff's credibility and her subjective complaints, the ALJ compared the medical evidence to her complaints and found them to be contradictory. *Id*. The ALJ also discussed the fact that Plaintiff's complaints were contradicted by Plaintiff's daily activities and her testimony was inconsistent with her pain journal and other testimony. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§ 404.1529 and SSR 96-7p and, based on the entire record as a whole, there is substantial evidence to support the ALJ's conclusion. *Id.* Therefore, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE D. HARDING,   )
   )
       Plaintiff,   )
   )
-vs-   )   Civil Action No.  13-1660
   )
CAROLYN W. COLVIN,   )
COMMISSIONER OF SOCIAL SECURITY,   )
   )
       Defendant.   )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of January, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

       BY THE COURT:

       s/  Donetta W. Ambrose
       Donetta W. Ambrose
       United States Senior District Judge